FORET, Judge.
The instant case arises out of a slip and fall incident occurring at a Market Basket store located in Moss Bluff, near Lake Charles, Louisiana. The jury returned a verdict in favor of the defendants, M & E Food Mart, Inc.[1] and Fireman’s Fund Insurance Company and plaintiffs, John Jensen and Golda Marie Jensen, have appealed.
FACTS
Defendant, M & E Food Mart, Inc., is the owner of a Market Basket supermarket located in Moss Bluff. On November 18, 1986, at approximately 1:00 P.M., plaintiff, John Jensen, entered defendant’s store to purchase groceries. Plaintiff picked up two cartons of cigarettes and then began looking for ingredients to make candy for his wife. He placed a gallon of milk in his basket, as well as a box of vanilla wax, and then proceeded down Aisle 5 from the rear of the store, ostensibly to pick up white sugar. Plaintiff passed another shopper, *132 later to be identified as Madylen McSpad-den, and then proceeded further down, where he slipped and fell in a liquid substance located approximately midway down the aisle.[2] Plaintiff was taken by ambulance to Memorial Hospital in Lake Charles, where he was treated and released that day. Plaintiff then began seeing Dr. Clark Gunderson, an orthopedic surgeon, who eventually performed surgery on February 4, 1987, to remove nerve root irritation in plaintiff’s lower back. Additionally, a spinal fusion was performed. It now appears that the spinal fusion has started to dissolve and, according to Dr. Gunder-son, plaintiff will require additional surgery.
After hearing the witnesses’ testimony and reviewing the other evidence presented at trial, the jury found plaintiff to be 100% at fault in causing the accident and resulting injuries. Plaintiff’s sole assignment of error is that the jury committed manifest error in finding him to be 100% at fault. For the reasons hereinafter set forth, we affirm the judgment of the trial court.
Louisiana law with respect to slip and fall cases is well established. Once the injured party proves that the substance caused him to slip, fall, and sustain injuries, the burden shifts to the store operator to prove that it was not negligent. To avoid liability, the store operator must show that it took reasonable steps to- fulfill its twofold duty to discover and correct dangerous conditions reasonably anticipated in its business activity. Brown v. Winn-Dixie Louisiana, Inc., 452 So2d 685 (La.1984). In the instant case, plaintiff demonstrated that he fell to the floor while walking in a liquid substance, later to be identified as a spilled soft drink. His injuries are also well documented. However, the jury could have reasonably concluded, based upon the testimony and other evidence of record, that the fall in question was staged by the plaintiff. Indeed, the evidence in this regard, while not conclusive, is certainly substantial in nature. To begin with, plaintiff’s credibility is questionable, to say the least. He has an extensive criminal record consisting of six convictions on a variety of offenses including, but not limited to, theft, forgery, and indecent behavior with a juvenile. His litigious nature is evidenced by the fact that he has filed at least five (and perhaps as many as nine) personal injury lawsuits over the years, not including the instant case. Additionally, he received an undesirable discharge from the U.S. Army Reserve in 1959.
It also appears that the circumstances surrounding the alleged accident are suspicious. Within minutes prior to the defendant’s fall, the store manager, Randy Phillips, announced on the store’s public address system that there was a spill on Aisle 5 and he directed Matthew Hodges, one of the store’s employees, to clean it. Hodges stated that he proceeded directly to the back of the store to pick up a mop and wet floor cone and returned at most two minutes later, to find plaintiff lying on the floor in the spilled soft drink. Plaintiff admits to having heard someone talk over the public address system that day, but he states that he didn’t listen to what was said. The testimony of Madylen McSpad-den, who witnessed the accident while shopping on Aisle 5, adds further suspicion to plaintiff’s claim. Ms. McSpadden testified that she heard the announcement over the loudspeaker that there was a spill on Aisle 5 as she turned onto the aisle from the rear of the store. She further stated that upon turning onto Aisle 5, she immediately noticed the spill which was quite large (3 to 4 feet wide) and could easily be seen in contrast to the light color of the floor. She also testified that a large white cup and a straw lay near the area of the spill as well. She further stated that she turned onto Aisle 5 from the rear of the store shortly before plaintiff turned onto the aisle and that she was walking along the right side of the aisle when plaintiff, pushing a shopping basket, passed her up and walked directly toward the spilled substance. Ms. McSpadden testified that, upon reaching the spill, plaintiff looked down at his feet and, after doing so, sud *133 denly fell to the floor. Her testimony in this regard is as follows:
“Q Was there any reason — any specific reason you were focused on this man and what he was doing at that time?
A Well, yes, because I couldn’t believe he was walking straight for that puddle and not stopping or — or being cautious about it. It just seemed incredible to me.
Q Why did it seem incredible to you?
A Because the spill was noticeable, and like I’ve said before, it was — it was obvious. It was a light colored floor and the spill was a dark fluid, like a coke, or a Dr. Pepper, that color.
Q And when he got into the spill, you say he looked down at his feet?
A Yes, sir.
Q And then he falls?
A Yes, sir.
Q Did he throw the basket away?
A The basket shot out somewhat in front of him. Whenever he fell — I went home and wrote this down so that I would remember. He had both his hands on the basket; he walked, and when he was in the middle of the puddle he looked down at his feet, and that’s when he fell, and the basket went forward during his fall.”
Thereafter, Ms. McSpadden reiterated her prior testimony, specifically stating that the plaintiff, to her amazement, walked straight into the puddle of soft drink, looked down at his feet, and then fell to the floor, all of which immediately led her to believe that there was something highly suspicious about this incident. Additionally, Ms. McSpadden stated that after the fall occurred, she noticed that the plaintiff’s behavior changed considerably when the store employees were not present. Specifically, she states that his vision seemed to suddenly improve (plaintiff complained of not being able to see after the fall), and he stopped shaking. He also appeared to move around better when the store employees were not around. Ms. McSpadden also testified that while she was alone with the plaintiff immediately after the fall, he asked her to write her name on his checkbook for future reference. Plaintiff admits having asked Ms. McSpadden to write her-name on his checkbook, but states that he does not know why he did this. Furthermore, contrary to plaintiff’s testimony, Ms. McSpadden states that the plaintiff did not pick up any items on Aisle 5 immediately before his fall; that he simply turned onto the aisle and walked directly into the spilled soft drink located approximately midway down the aisle.
Considering the above and foregoing, we find that the jury could have reasonably concluded that the plaintiff heard the announcement over the loudspeaker stating that there was a spill on Aisle 5 and immediately proceeded to the site of the spill where he staged a fall. This is no less possible because of the fact that the plaintiff sustained injuries as a result of the fall. We therefore find no manifest error in the jury’s finding of fact, and affirm the judgment of the trial court.
Costs of this appeal are assessed to plaintiffs-appellants, John H. Jensen and Golda Marie Jensen.
AFFIRMED.

. Plaintiffs amended their petition to state that the correct name of the defendant is M & E Food Mart, Inc.

. It was established at trial that the aisle in question is 56 feet long and 7½ feet wide.